## Appeal of Overseers of Poor of Parker Township.

The supreme court will not examine the evidence on which the lower court acted in adjudging an itemized bill to be correct, if the appellant had notice thereof and an opportunity of being heard in opposition to the allowance of any item therein.

(Decided October 26, 1885.)

Certiorari to the Quarter Sessions of Armstrong County to review a judgment for appellees. Affirmed.

On May 5, 1880, certain paupers were, by order of the quarter sessions of Armstrong county, removed from East Franklin township to Parker township. After much litigation growing out of the removal, the overseers of the poor of Franklin township presented a petition to the court representing that a large amount of just and reasonable costs and charges had been incident to such litigation, and that a large sum of money had been expended by them towards the relief of the paupers after the order for relief was granted. They annexed thereto an itemized bill of the demands, and prayed an order directing the overseers of Parker township to pay the same.

The court granted a rule to show cause why the overseers of Parker township should not pay the amount prayed for, and judgment passed for petitioners; whereupon the overseers of Parker township appealed.

*R. P. Scott* for appellants.

*W. D. Patton* for appellees.

Per Curiam:

This is the end of protracted litigation relating to the obliga-

---

NOTE.—The court of quarter sessions has the power to award reasonable costs and charges where a pauper is removed. Moreland Twp. Poor Dist. v. Union Twp. Poor Dist. 4 Kulp, 91; Re Ross's Poor Dist. 3 Kulp, 198. And the supreme court may ascertain the amount, and make the proper order. Walker Twp. v. West Buffalo Twp. 11 Pa. 95. The court may so direct, since the act of April 15, 1867 (P. L. 84), though the pauper is accepted without appeal. Blair County v. Clarion, 91 Pa. 431.

The act of March 16, 1868 (P. L. 461), provided for writs of error to the appellate court in removal cases. But this legislation does not apply to subsequent orders to pay charges and expenses. Perry County v. Chillisquaque Twp. 110 Pa. 153, 2 Atl. 528; Green Twp. Poor Dist. v. Highland Twp. Poor Dist. 5 Pa. Super. Ct. 199.

tion of the appellants to support certain paupers. The alleged grievance now is that they are ordered to pay a certain bill of costs. It is for money paid, laid out, and expended for the maintenance of the paupers, and their funeral and other necessary expenses, after an order of relief had been made, but before their removal to the township of Parker, on which they were justly chargeable. The record shows that an itemized bill was presented to the court. The appellant had notice thereof and an opportunity of being heard in opposition to the allowance of any item therein. After due consideration, the court adjudged the bill to be correct. We will not examine the evidence on which the court acted.

This appeal was taken without a due compliance with the statute; yet, inasmuch as the decree is right, we will affirm it.

Decree affirmed and appeal dismissed, at the costs of the appellants.